IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROGER YARBOROUGH | § | |
| v. | § | CIVIL ACTION NO. 6:14cv754 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Roger Yarborough, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Yarborough was convicted of the disciplinary offense of spitting on an officer, A. Loftis, on April 22, 2014. He complains that Officer Loftis used excessive force on him, there was no physical evidence offered at the disciplinary hearing, his witnesses were not called to testify at the hearing, he was wrongfully excluded from the hearing, he received ineffective assistance from his counsel substitute, there was no reason why he should have spat on the officer because he has no history of such conduct, he was supposed to have been released on parole in June, and he is too old and has done too much time in prison to engage in such childish behavior. Yarborough received as punishment 45 days of cell and commissary restrictions, reduction in classification status from State Approved Trusty III to Line Class I, reduction in custody level from P2 (minimum) to P5 (close

custody), loss of 360 days of good time credits, and loss of a chance at FI-3R parole. Yarborough stated that he was not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge determined that Yarborough had failed to show that any of the punishments imposed upon him as a result of the disciplinary case at issue implicated any constitutionally protected liberty interests. *See Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). The Magistrate Judge therefore recommended that Yarborough's habeas corpus petition be dismissed and that Yarborough be denied a certificate of appealability *sua sponte*. However, the Magistrate Judge also observed that Yarborough's claim that he was the victim of excessive force is cognizable under 42 U.S.C. §1983 rather than in habeas corpus and as such, should be severed into a new lawsuit. *Birl v. Thaler*, 470 Fed.Appx. 362, 2012 WL 1578921 (5th Cir., May 7, 2012).

Yarborough received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 5) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is hereby DISMISSED with prejudice. It is further

ORDERED that the Petitioner Roger Yarborough is hereby DENIED a certificate of appealability *sua sponte*. It is further

ORDERED that the Petitioner's use of force claims are hereby SEVERED into a new §1983 civil rights (cause of action code 550) lawsuit. The Clerk shall assign a new civil action number to this lawsuit and the original petition in the present case shall serve as the complaint. A copy of this order shall be docketed in the new lawsuit as an Order of Severance. It is further

ORDERED that the Petitioner Roger Yarborough shall have 30 days from the date of his receipt of notice of the opening of his new lawsuit in which to file an amended complaint concerning his claim of excessive force by Officer Loftis. This amended complaint shall be filed using the standard §1983 lawsuit form which is available in the law library. Yarborough shall also either pay the statutory $400.00 filing fee or file an application for leave to proceed *in forma pauperis*, accompanied by an inmate trust account data sheet from the law library, within this same 30 day time frame. Should he fail to comply, this new lawsuit may be dismissed for failure to prosecute or to obey an order of the Court. Finally, it is

ORDERED that any and all other motions which may be pending in Yarborough's habeas petition are hereby DENIED.

**So ORDERED and SIGNED this 15th day of December, 2014.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**